# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVE RUNK and RANDY RUNK,** : | |
|     Plaintiffs, : | **CIVIL ACTION NO. 1:06-CV-2095** |
| : | |
| v. : | **(Chief Judge Kane)** |
| : | |
| **WAL-MART STORES, INC.** : | |
| **d/b/a WAL-MART SUPER CENTER,** : | |
|     Defendant. : | |

## MEMORANDUM

On June 28, 2005, Plaintiff Eve Runk suffered a torn rotator cuff and cervical strain after a bag of pool sand struck her at a Wal-Mart Super Center. Plaintiff and her husband Randy thereafter commenced a civil action on September 28, 2006, in the Court of Common Pleas of York County, Pennsylvania, against Defendant Wal-Mart Stores, Inc., alleging that her injuries were the result of Defendant's negligence. Plaintiff Eve Runk seeks compensatory damages for her injuries in Count I of the complaint and Plaintiff Randy Runk seeks damages for loss of consortium in Count II. Both counts include <u>ad damnum</u> clauses limiting each plaintiff's recovery to "an amount not in excess of the compulsory arbitration limit, together with costs and delay damages." (Compl. ¶¶ 9-15.)

On October 24, 2006, Defendant filed a notice of removal in this Court pursuant to 28 U.S.C. § 1446. (Doc. No. 1.) Defendant contends that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Upon review of the notice of removal and the allegations and demands set forth in the complaint, the Court finds that it lacks subject-matter jurisdiction because the requirements for diversity jurisdiction have not been met.[1] Accordingly this Court will enter an

---

[1] Diversity jurisdiction requires: (1) complete diversity of citizenship between parties, and (2) an amount in controversy exceeding $75,000.

order remanding this action to the York County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c).

This Court, pursuant to 28 U.S.C. § 1447(c), must remand to state court if this Court lacks subject-matter jurisdiction. Moreover, in order to enforce Congress's intent to limit diversity jurisdiction, "removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)); see also Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 403 (3d Cir. 2004).

This Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000. Under Pennsylvania law, to be eligible for compulsory arbitration, the amount in controversy may not exceed $50,000. 42 Pa. Cons. Stat. § 7361(b)(2). Plaintiffs in this case have explicitly limited their recovery to $50,000 per plaintiff, and their claims may not be aggregated for purposes of satisfying the amount-in-controversy requirement because they are "separate and distinct." Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002); see also Foster v. Home Depot Inc., 2006 WL 470596, at *1 n.2 (E.D. Pa. Feb. 24, 2006) (refusing to aggregate claims of negligence and loss of consortium). The inclusion of the ad damnum clauses limits Plaintiffs' recovery to an amount below the threshold required for diversity jurisdiction. O'Toole v. State Farm Fire and Cas. Co., 2004 WL 1126023, at *1 (E.D. Pa. May 20, 2004).

This Court lacks subject-matter jurisdiction, and therefore remand is required. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EVE RUNK and RANDY RUNK,** | : | |
|     **Plaintiffs,** | : | **CIVIL ACTION NO. 1:06-CV-2095** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **WAL-MART STORES, INC.** | : | |
| **d/b/a WAL-MART SUPER CENTER,** | : | |
|     **Defendant.** | : | |

**ORDER**

**AND NOW**, this 13th day of November, 2006, **IT IS HEREBY ORDERED** that the above-captioned case is **REMANDED** to the Court of Common Pleas of York County, Pennsylvania. The Clerk of the Court shall mark this case **CLOSED.**

                                            s/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania